Kittridge **TROXLER**, Plaintiff,

v.

**ST. JOHN THE BAPTIST PARISH POLICE JURY et al.**, Defendants-Appellees,

**Joseph Jumel Borne et al.**, Intervenors-Appellants.

**No. 72-1577.**

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1972.

648

George M. Strickler, Jr., A. M. Trudeau, Jr., New Orleans, La., for appellants.

Melvin P. Barre, Edgard, La., Benjamin E. Smith, New Orleans, La., for Hymel, Sorapuru, Barre, Clement, LeBouef, and Montz.

Lawrence Blake Jones, New Orleans, La., Daniel E. Becnel, Jr., Reserve, La., for other interested parties.

Before MORGAN, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

This action was filed in July 1971 by the original plaintiff, Kittridge Troxler, to require the reapportionment of the Police Jury of St. John the Baptist Parish. The parties filed proposed redistricting plans and on August 5th, the district court entered an order which adopted in substance one of the plans submitted by the plaintiff which provided for the division of the parish into three multi-member election districts. Troxler v. St. John the Baptist Parish Police Jury, 331 F.Supp. 222 (E.D.La. 1971). Under the court's plan, four jurors were to be elected at-large from District I, two elected at-large from District II, and three elected at-large from District III. The order also provided that, "at least one police juror representing District III must reside on the east bank of the Mississippi River." 331 F.Supp. at 225. The Police Jury appealed from that order, contending that its proposed plan was better and that the plan adopted was racially discriminatory.

While the Police Jury's appeal was pending before this court, the Democratic Primary for parish offices was conducted on November 6, 1971. Six persons ran in this primary for the Party's nomination for the three District III Police Jury seats. The ballot listed the District III candidates without any reference to their residences, without any requirement that electors vote for at least one East Bank resident, and without any notice that one District III juror was required to be an East Bank resident.

The three candidates who received the largest number of votes for the three District III positions were all residents of the West Bank. Among these three

leading vote-getters, Appellant Joseph Borne received the lowest number of votes cast. The candidate who ran fourth was Raymond LeBouef an incumbent police juror who resided on the East Bank of the river. On December 22, 1971, the Democratic Executive Committee of the parish certified Borne and the two front-running candidates as the Democratic nominees for District III police jurors. Apparently because he had run third, Borne's certification was conditioned on his changing his residence to the East Bank. In compliance with the condition, Borne did then change his residence and was certified as a nominee.

In January 1972, the Police Jury moved to dismiss its appeal and on January 17th, this court granted the motion. Troxler v. St. John the Baptist Parish Police Jury, 452 F.2d 1388. The dismissal included the following paragraph:

> IT IS FURTHER ORDERED that either party may file a motion in the district court to amend that court's judgment for purposes of clarification. Any such motion must be filed not later than ten days after entry of his order. See Rule 59(e), F.R. Civ.P.

Promptly after this dismissal, LeBouef and five other police jurors moved the district court to clarify its injunctive order. After Borne moved to intervene in the case individually and on behalf of the electors of District III who had voted for him, LeBouef sought to have the Democratic Executive Committee and Secretary of State made parties defendant, Borne's nomination rescinded, and Borne's certification replaced with the certification of LeBouef.

The district court thereupon: (1) amended its order to specify that, "at least one of the members of the police jury from District III resides in the section of District III lying on the East Bank of the Mississippi River *at the time of qualification;*" (emphasis added) (2) made the Democratic Executive Committee and the Secretary of State

parties to the action; (3) quashed Joseph Borne's nomination as Democratic candidate for police juror; and (4) directed that Borne's name be removed from the ballot for the general election and that LeBouef's name be substituted. The district court's order included no findings of fact or conclusions of law. The present appeal ensued.

Borne and his supporters contend that this clarification order amounts to a retroactive reversal of a duly conducted State election, that LeBouef should have attacked the election in the Louisiana courts under the election contest provisions of Louisiana law, and that the failure of the district court to make findings of fact and conclusions of law under Fed.R.Civ.P. 52(a) and 65(d) was error. We affirm.

■ The election was held under the aegis of the federal chancellor's prior injunctive decree. If there were a good faith doubt as to its proper construction, it was the duty of any party relying thereon to apply to that court for clarification as this court indicated in its prior dismissal opinion. Any party who assumed to construe the order for himself acted at his peril.

■ Since the district court's order had established the parameters for candidate residency in this district of the parish, any issue as to that facet of the elective process was properly addressed to the court below rather than to the State court system.

■ Under the facts of this case the court was not called upon by rule or reason to make findings of fact or conclusions of law as to its clarification action. It is patent that the amendatory order merely announced precisely what the original had always stood for. Thus, the remaining items of relief granted, particularly the decertification of Borne and the requirement that LeBouef be placed upon the ballot for the general elections, were necessary consequences of this basic ruling.

Affirmed.